IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADWAY PINE BRANDS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MUSTB TOY STORE, *et al.*,<br><br>        Defendants. | Civil Action No. 21-1736<br><br>(Judge Ranjan) |

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

  This matter comes before the Court upon Motion by Plaintiff for entry of a default judgment and permanent injunction against the Defendants identified on Schedule "A" filed herewith (hereinafter referred to as "Defaulting Defendants") for Defaulting Defendants' unauthorized use of Plaintiff's Patent in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling and/or sale of Infringing Products[1] on at least one of the Amazon.com, eBay.com,, Aliexpress.com, and wish.com online marketplace platforms.

  The Court, having considered the Plaintiff's Motion for Default Judgment and Permanent Injunction, the Declaration of Brian Samuel Malkin in support of thereof, the Certificates of Service of the Summons and Complaint, the Entries of Default by the Clerk of Courts, and upon

---

[1] As alleged in Plaintiff's Complaint, ". . .the Defendants identified in **Schedule "A"** of the Complaint, were and/are currently manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and or/selling products that have infringed upon one or more of the claims of U.S. Patent No. 11,154,128 ("Plaintiff's Patent" or "the '128 patent") by offering for sale, selling, and distributing knock-off versions of the SLIDEAWAY® toy storage bin ("Infringing Products").

all other pleadings and papers on file in this Action, it is hereby ORDERED as follows (hereinafter, "Order"):

## I. Defaulting Defendants' Liability

Judgment is granted in favor of Plaintiff on the claim of patent infringement asserted against Defendants in the Complaint.

## II. Damage Awards

IT IS FURTHER ORDERED that because it serves the compensatory and punitive purpose of the prohibitions on willful infringement under the Patent Act; and because Plaintiff has sufficiently set forth the basis for the damage awards requested in their supporting papers, the Court finds that such awards are reasonable and Plaintiff is awarded damages against each of the Defaulting Defendants in Schedule "A" in the amount of $1,800,000.00, severally and distinctly as to each such Defendant.

## III. Permanent Injunction

A. IT IS HEREBY ORDERED that each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Default Judgment Order shall be permanently restrained and enjoined from:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Patent, distribution, marketing, advertising, offering for sale, or sale of any Infringing Products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products that infringe upon at least one claim of the Plaintiff's Patent;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[2] Merchant Storefronts[3] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately offering for sale the Infringing Products within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs; and

---

[2] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) of at least, Amazon.com, eBay.com,, Aliexpress.com, and wish.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[3] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs.

B.  IT IS FURTHER ORDERED that, pursuant to 35 U.S.C. § 283, the Defaulting Defendants must deliver up for destruction to Plaintiff any and all Infringing Products.

C.  IT IS FURTHER ORDERED that Third Party Service Providers[4] and Financial Institutions[5] are permanently enjoined and restrained from:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"); and

(2) providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts which are connected in any way in the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner Infringing Products.

---

[4]  Third Party Service Providers are any third-party providing services in connection with any Defaulting Defendant and/or any Defaulting Defendant's Merchant Storefront, including, without limitation, Internet Service Providers, back-end service providers, web designers, sponsored search engine providers, sponsored ad-words providers, sponsored shopping providers, merchant account providers, third-party processors and other payment processing services, shippers, domain name registrars and domain name registries.

[5]  Financial Institutions are any banks, financial institutions, credit card companies and payment processing agencies, including but not limited to, Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. AliPay (China) Internet Technology Co. Ltd., and Alipay.com Co., Ltd. (collectively referred to as "AliPay"), Amazon Payments, Inc., PayPal, Inc. d/b/a paypal.com, and Context Logic, Inc. d/b/a wish.com, or marketplace platforms, including but not limited to, Amazon.com, ebay.com, aliexpress.com, and Context Logic, Inc d/b/a wish.com, and their related companies and affiliates, and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of any Defaulting Defendant.

## IV.     Follow-Up Requests

IT IS FURTHER ORDERED, THAT:

(1)  Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc. (collectively "Amazon"), are hereby permanently restrained and enjoined from processing payments for any products listed under the following Amazon Standard Identification Numbers (ASIN): B081TLWF48 (Grey Stripe); B087GCRB15 (Heather Beige); B089BR8WJ7 (Heather Blue); and B081TJLZHQ (Heather Gray), by any Seller that has not been authorized by Plaintiff; Plaintiff shall provide notice to Amazon of Plaintiff's authorized sellers;

(2) Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall place the following Amazon Standard Identification Numbers ("ASINs"):  B081TLWF48 (Grey Stripe); B087GCRB15 (Heather Beige); B089BR8WJ7 (Heather Blue); and B081TJLZHQ (Heather Gray), into Amazon's gating program, so that Plaintiff will be able to control which sellers list product under these ASINs; and

(3) upon Plaintiff's request, Amazon.com, Inc., and its related companies and affiliates, including Amazon Services, LLC, and Amazon Payments, Inc., shall remove listings and/or advertisements for any product that Plaintiff identifies as infringing on at least one claim of the Plaintiff's Patent and/or infringes on the Plaintiff's Mark (i.e., preventing a seller from listing for sale under the identified ASIN);

(4) Upon Plaintiff's request, a Third-Party Service Provider shall remove listings and/or advertisements for any product that infringes on at least one claim of the Plaintiff's Patent and/or infringe on the Plaintiff's Mark[6]; and

(5) the Seller controlling such listings shall not be subject to financial account restraint without being named in a subsequent legal action.

### V.     Post-Judgment Asset Transfer and Asset Freeze Order

A. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Assets from Defaulting Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the Temporary Restraining Order and/or Preliminary Injunction Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action (collectively, "Defaulting Defendants' Frozen Assets" and "Defaulting Defendants' Frozen Accounts"), are, to the extent that a given Defaulting Defendant's Frozen Assets equal the Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant. Those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff by Financial Institution(s) through Plaintiff's counsel within twenty (20) business days following service of this Default Judgment Order. Upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of the Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen

---

[6] U.S. Reg. No. 5994698 for SLIDEAWAY®.

Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts.  To the extent that a Defaulting Defendant's Frozen Assets are less than the Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff, by the Financial Institution(s), through Plaintiff's counsel forthwith.

B. IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court.

C. IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order:

    (1) until Plaintiff has recovered the full payment of the Defaulting Defendants' individual damages award owed to them by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the

U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts");[7]

(2) upon notice of this Order, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

(3) no later than after twenty (20) business days following the service of this Order on Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of the Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order; at the time the funds are transferred, Financial Institutions

---

[7] This Order contemplates that investigation and/or discovery during judgment collection may reveal that Defaulting Defendants may have used other user accounts, operated by other Third-Party Service Providers and Financial Institutions other than those named and that any additional discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall be subject to the restraints, asset seizure and turn over in this Order.

holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall provide to Plaintiff a breakdown reflecting: the (i) total funds restrained in this matter per Defaulting Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's funds, restrained prior to release; and (iii) the total funds transferred per Defaulting Defendant to the Plaintiff.

### VI.     Miscellaneous Relief

A. Upon Plaintiff's request, the Third Party Service Provider(s) or Financial Institution(s) shall disable and/or cease facilitating access to the Seller IDs, including deleting, and/or suspending identified listings, and any other alias seller identification names being used to offer for sale and/or sell Infringing Products;

B. The Plaintiff may serve this injunction on any e-mail service provider, including, Google LLC and Microsoft, Inc., with a request that the service provider permanently suspend the e-mail addresses which are used by the Defaulting Defendants in connection with the Defaulting Defendants' promotion, offering for sale, and/or sale of Counterfeit Products;

C. Upon the Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defendants' Infringing Products, including but not limited to Amazon.com, Inc. and its affiliates, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, eBay Inc., and Etsy, Inc., shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff and shall notify all known and identified purchasers on the Internet marketplace that they purchased an infringing product;

D.  Any failure by a Defaulting Defendant to comply with the terms of this Default Judgment Order shall be deemed contempt of Court, subjecting the Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

E.  Interest from the date of this action was filed shall accrue at the legal rate pursuant to 28 U.S.C § 1961;

F.  The bond posted by Plaintiff in the amount of $5,000.00 is hereby ordered released by the Clerk;

G.  Plaintiff shall serve the Defaulting Defendants with a copy of this Order in accordance with the Alternative Service Order; and

H.  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Judgment and permanent injunction.

**SO ORDERED.**

SIGNED this 30th day of November, 2022
Pittsburgh, Pennsylvania

s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge

# Schedule "A"
# Defendants With Store Name and Seller ID

| Defendant No. | Seller Name | Seller ID |
|---|---|---|
| 1 | MustB Toy Store | 911252066 |
| 2 | Anonymity Store | 3189062 |
| 3 | Baby Future Store | 3025015 |
| 4 | Be-Lighting Store | 5720120 |
| 5 | Bellotti Lifety Store | 4391097 |
| 6 | BWE life Store | 911740039 |
| 7 | Cami online | 1996004 |
| 8 | Chuangjia-Home Trading Co., Ltd. Store | 911708517 |
| 9 | Considerate life Store | 911139013 |
| 10 | CX-51 Store | 912059306 |
| ■ | ■ | ■ |
| 12 | Dropship-007 | 4630010 |
| 13 | DropshippingToys Store | 4435042 |
| 14 | Erwin Store | 912391238 |
| 15 | Fun party life Store | 5952051 |
| ■ | ■ | ■ |
| 17 | Good Life Institute Store | 5260250 |
| 18 | JDH Store | 4393016 |
| 19 | HeyChildhood Store | 5242175 |
| 20 | InsFamily Global Store | 912495046 |
| 21 | ishiline familee Store | 4665090 |
| 22 | Kingbombs Store | 912064340 |
| 23 | KSMT Store | 911912081 |
| 24 | LCOZX Factory Store | 5883313 |
| 25 | Lovely Kingdom | 432331 |
| 26 | Luvy Official Store | 4419154 |
| 27 | lfayer toy Store | 322117 |
| 28 | Meltsethome Store | 1765291 |
| 29 | MezoJaoie Store | 4463030 |
| 30 | Mingxi Baby Store | 5570007 |
| 31 | MoreLive Store | 911813062 |

| Defendant No. | Seller Name | Seller ID |
|---|---|---|
| 32 | OLOEY Life's Store | 91179266 |
| 33 | Online Fun Store | 5369119 |
| ■ | ■ | ■ |
| 35 | Perceive Life Store | 912182339 |
| 36 | RIMUGU MIDDO Store | 910786045 |
| 37 | Robot Store | 4920069 |
| 38 | RondFul Warm House Store | 4446037 |
| ■ | ■ | ■ |
| 40 | Ruix house Store | 3672089 |
| 41 | Shenzhen Koyota Electronic Co.,Ltd | 1762216 |
| 42 | Shenzhen RDF Store | 1796921 |
| 43 | Shop2855015 Store | 2855015 |
| 44 | Shop4556052 Store | 4556052 |
| 45 | Shop5598335 Store | 5598335 |
| 46 | Shop910554235 Store | 910554235 |
| 47 | six six Life Store | 912332034 |
| 48 | Sunforces Homes Store | 3519022 |
| ■ | ■ | ■ |
| 50 | Surp Homely Store | 912511482 |
| 51 | Take care of your baby Store | 911134167 |
| 52 | topme100 Store | 5364007 |
| 53 | Treasuree Living Store | 911825526 |
| 54 | UU Dropshipping Store | 2667183 |
| 55 | Victory Storage Store | 912181371 |
| 56 | Vzsqyau Store | 911614299 |
| 57 | Wonderfamily Store | 911970064 |
| 58 | wroy yuan store Store | 911818062 |
| 59 | Xiao Li's Explosive Shop Store | 912601408 |
| 60 | Xingye house Store | 911932531 |
| 61 | Xinxin Life Store | 911756037 |
| 62 | XITO Toy Store | 3246102 |
| 63 | XIXUN 01 Store | 912333543 |
| 64 | YomiModern Life Store | 911938891 |
| 65 | ysap Homedecoration Store | 919191 |
| 66 | Yuneast Store | 911973124 |
| ■ | ■ | 353761941087 |
| ■ | ■ | 203559378932 |

- 3 -

| Defendant No. | Seller Name | Seller ID |
|---|---|---|
| ███ | ███ | 194427593570 |
| ███ | ███ | 274623158782 |
| 71 | balluymall | 363515787506 |
| ███ | ███ | 114192923153 |
| ███ | ███ | 333867925490 |
| ███ | ███ | 133694615633 |
| ███ | ███ | 203478828472 |
| ███ | ███ | 392901094217 |
| 77 | funtostore | 284409292085 |
| 78 | fushine306 | 313660487371 |
| 79 | getjoy | 383978020497 |
| ███ | ███ | 384482914950, 384483391925 |
| ███ | ███ | 373768962016 |
| ███ | ███ | 194464617349 |
| 83 | lidolay | 154011666215 |
| ███ | ███ | 265397988994 |
| 85 | matcirr_0 | 393580838117 |
| ███ | ███ | 313738172846 |
| ███ | ███ | 313717194157 |
| 88 | obowon8 | 185114884750 |
| ███ | ███ | 363326481617 |
| 90 | oktafi0 | 124988760757 |
| ███ | ███ | 393336680644 |
| ███ | ███ | 264894168108 |
| ███ | ███ | 233932392901 |
| ███ | ███ | 313571987202 |
| ███ | ███ | 203658707025 |
| ███ | ███ | 384150316606 |
| 97 | wonderful-you | 255084604591 |
| 98 | world-eshoping | 174800716821 |
| ███ | ███ | 124454987123 |
| 100 | yanpove | 194454226097 |
| 101 | yarpstore | 403078609214 |
| 102 | yogee-mall | 165128978644 |